A. J. SHARP, ESQ.
Nevada Bar No. 11457
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THERESA SMITH, | Case No.: |
| Plaintiff, | |
| v. | **[District Court, Clark County, Case No.: A-13-686716-C, Dept. No.: XIX]** |
| WAL-MART STORES, INC.; ROE CORPORATIONS I - X, inclusive, and JOHN DOES I-X, inclusive, | <u>**DEFENDANT WAL-MART STORES, INC.'S PETITION FOR REMOVAL**</u> |
| Defendants. | **[JURY DEMAND]** |

<u>**PETITION FOR REMOVAL OF CIVIL ACTION**</u>

COME NOW, Petitioner WAL-MART STORES, INC, (", by and through its attorneys, the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submit and respectfully show:

I.

Petitioner WAL-MART STORES, INC. ("Petitioner" or "Walmart") is a Defendant in the above-entitled action.

II.

The above-entitled action was commenced in the Eighth Judicial District Court in and for Clark County, District of Nevada, and is now pending in that Court. Process was served upon Petitioner through a process server on or after August 13, 2013, the date the Summons was issued by

the state court.  Copies of Plaintiff's Summons and Complaint served on Petitioner are attached hereto as Exhibit "A" and "Exhibit B," respectively. [1]

As process was served on Petitioner on or after August 13, 2013, this Petition For Removal is filed with this Court within thirty (30) days after the first Petitioner's receipt of Plaintiff's Complaint, the "first paper" from which it may be ascertained that the "amount in controversy" in this matter exceeds the jurisdictional threshold of $75,000.  Plaintiff's Complaint alleges at least $50,000 in damages.  *Exh. B*, 3: 25-27 (past "extreme" pain and suffering in excess of $10,000; past "severe" emotional distress in excess of $10,000); 4: 6-9 (future pain and suffering in excess of $10,000; future emotional distress in excess of $10,000); 5: 5-7 (medical special damages in excess of $10,000).   In addition to at least $50,000 in itemized damages, Plaintiff seeks attorney's fees and costs of suit.  *Id.* at 5: 10.

Moreover, Plaintiff alleges that she sustained severe injuries, including "a shattered kneecap, left fractured patella, left patella tear, and left leg pain" so severe that Plaintiff was left *unable to stand, walk, or even move*.  *Id.* at 2: 18 – 21; 3: 23 – 25.  Plaintiff alleges that these injuries have required medical treatment in the past in an amount "currently unascertainable" and will require future medical treatment in an amount "currently unascertainable."  *Id.* at 3: 23 – 25; 4: 1-5.

//

//

---

[1] Petitioner hereby asserts the following affirmative defenses for the express purpose of not waiving same.  The assertion of these affirmative defenses does not constitute waiver of any other affirmative defense(s) which may be asserted in Petitioner's Answer to the Complaint.

**FIRST AFFIRMATIVE DEFENSE**
    The contents of Plaintiff's Summons do not conform to the requirements of Rule 4 of the Nevada Rules of Civil Procedure, and Plaintiff's process is therefore insufficient.

**SECOND AFFIRMATIVE DEFENSE**
    Plaintiff's service of her Summons and Complaint on Walmart did not conform to the requirements of Rule 4 of the Nevada Rules of Civil Procedure, and Plaintiff's service of process is therefore insufficient.

Therefore, in light of at least $50,000 in specifically itemized damages claims, the claims for attorney's fees and costs of suit, and the serious, debilitating, and ongoing nature of the injuries Plaintiff alleges, the "amount in controversy" on the face of Plaintiff's Complaint easily satisfies the $75,000 jurisdictional threshold established by 28 United States Code Section 1146(b). *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that claim exceeded $75,000 where plaintiff alleged property damage, travel expenses, emergency ambulance trip, six-day hospital stay, pain and suffering, humiliation and temporary inability to do housework); *see also White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination claim exceeded $75,000 based on lengthy list of compensatory and punitive damages combined with claim for attorney's fees in Complaint); *see also Crum v. Circus Circus Enters.,* 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying in part on estimated future medical expenses to determine that amount in controversy exceeded jurisdictional amount).

III.

This Petition is filed timely pursuant to 28 United States Code Section 1446(b).

IV.

This action is a civil action over which this Court has jurisdiction pursuant to 28 United States Code Section 1332(a), and is one which may be removed to this Court by Petitioner, pursuant to 28 United States Code Section 1441(a).

V.

Petitioner is informed, believes, and thereon alleges that Plaintiff THERESA SMITH is, and was at all times relevant herein, a citizen of the State of Nevada.

//

//

VI.

Petitioner WAL-MART STORES, INC. is, and was at the time this action was commenced, a Delaware corporation with its principal places of business in the State of Arkansas, and therefore is, and was at the time this action was commenced, a citizen of the State of Delaware and a citizen of the State of Arkansas.  All named defendants are parties to this Petition and have hereby consented to removal.

VII.

The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred as a result of an incident at Walmart Store #3351 in Las Vegas, Nevada, on April 6, 2012.

VIII.

A copy of Walmart's Petition For Removal, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Complaint, has been filed with a Notice Of Removal To Federal Court with the Eighth Judicial District Court in and for Clark County, Nevada.

IX.

Copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

X.

 This Petition is filed with this Court within thirty (30) days after Petitioner was served with Plaintiff's Complaint in this matter.  Plaintiff's Complaint, served on Petitioner on or after August 13, 2013, is the "first paper" from which Petitioner could ascertain that the amount in controversy in this action exceeds $75,000.  *See* 28 U.S.C. § 1446(b); *see also* 28 U.S.C. § 1332(a).

//

//

*PRAYER*

WHEREFORE, Petitioner prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court.

DATED this <u>3rd</u> day of September, 2013.

**PHILLIPS, SPALLAS & ANGSTADT LLC**

/s/ A. J. Sharp
_____

A. J. SHARP, ESQ.
Nevada Bar No. 11457
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

## AFFIDAVIT OF A. J. SHARP, ESQ.

STATE OF NEVADA           )
                          ) ss.
COUNTY OF CLARK           )

A. J. SHARP, ESQ., first being duly sworn, deposes and states as follows:

1.     I am an attorney, duly licensed and authorized to practice law within the courts of the State of Nevada.

2.     I am an Associate in the law firm of PHILLIPS, SPALLAS & ANGSTADT LLC, representing Petitioner Wal-Mart Stores, Inc. in the case of *Theresa Smith v. Wal-Mart Stores, Inc.*, Clark County District Court Case No. A-13-686716-C, filed in Department No. XIX of the Eighth Judicial District Court, in and for Clark County, Nevada.  I have prepared and read the foregoing Petition For Removal Of Civil Action and know the matters set forth therein to be true and correct to the best of my knowledge and belief.

3.     On September 3, 2013, I caused to be filed with the County Clerk of the Eighth Judicial District Court, in and for Clark County, Nevada, a Notice Of Removal To Federal Court, seeking removal of the above-mentioned action to the United States District Court, District of Nevada, together with a copy of this Petition For Removal Of Civil Action, including Plaintiff's Summons and Complaint (the "first paper" from which removability may be ascertained), attached thereto as Exhibit A, by depositing such copy with the Deputy Clerk in the County Clerk's Office, Clark County Courthouse, 200 Lewis Avenue, Las Vegas, Nevada 89101.

4.     As process was served on Petitioner on or after August 13, 2013, this Petition For Removal is filed with this Court within thirty (30) days after the first Petitioner's receipt of Plaintiff's Complaint, the "first paper" from which it may be ascertained that the "amount in controversy" in this matter exceeds the jurisdictional threshold of $75,000.  Plaintiff's Complaint alleges at least $50,000 in damages. *Exh. B*, 3: 25-27 (past "extreme" pain and suffering in excess of $10,000; past "severe" emotional distress in excess of $10,000); 4: 6-9 (future pain and suffering in excess of $10,000; future

emotional distress in excess of $10,000); 5: 5-7 (medical special damages in excess of $10,000).   In addition to at least $50,000 in itemized damages, Plaintiff seeks attorney's fees and costs of suit.   *Id.* at 5: 10.   Moreover, Plaintiff alleges that she sustained severe injuries, including "a shattered kneecap, left fractured patella, left patella tear, and left leg pain" so severe that Plaintiff was left *unable to stand, walk, or even move*.   *Id.* at 2: 18 – 21; 3: 23 – 25.   Plaintiff alleges that these injuries have required medical treatment in the past in an amount "currently unascertainable" and will require future medical treatment in an amount "currently unascertainable."   *Id.* at 3: 23 – 25; 4: 1-5.   Therefore, in light of at least $50,000 in specifically itemized damages claims, the claims for attorney's fees and costs of suit, and the serious, debilitating, and ongoing nature of the injuries Plaintiff alleges, the "amount in controversy" on the face of Plaintiff's Complaint easily satisfies the $75,000 jurisdictional threshold established by 28 United States Code Section 1146(b).   *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that claim exceeded $75,000 where plaintiff alleged property damage, travel expenses, emergency ambulance trip, six-day hospital stay, pain and suffering, humiliation and temporary inability to do housework); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination claim exceeded $75,000 based on lengthy list of compensatory and punitive damages combined with claim for attorney's fees in Complaint); *see also Crum v. Circus Circus Enters.,* 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying in part on estimated future medical expenses to determine that amount in controversy exceeded jurisdictional amount).

//

//

//

//

5.      I caused to be served copies of the Notice Of Removal To Federal Court and the Petition For Removal Of Civil Action upon Plaintiff by depositing them in the United States Mail, on September 3, 2013, in an envelope properly addressed, with sufficient postage affixed, to:

**Cal J. Potter, III, Esq.**
**POTTER LAW OFFICES**
**1125 Shadow Lane**
**Las Vegas, NV 89102**

FURTHER AFFIANT SAYETH NAUGHT.

A. J. SHARP, ESQ.

SUBSCRIBED and SWORN to before me this
3rd day of September, 2013.

VANESSA FULCO
NOTARY PUBLIC
STATE OF NEVADA
Date Appointment Exp. 9-17-16
Certificate No: 12-8776-1

NOTARY PUBLIC in and for
said County and State

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of September, 2013, I served a true and correct copy of the foregoing, **DEFENDANT WAL-MART STORES, INC.'S PETITION FOR REMOVAL [JURY DEMAND]**, by U.S. Mail, in a sealed envelope, first-class postage fully prepaid, addressed to the following counsel of record, at the address listed below:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| Cal J. Potter, III, Esq.<br>POTTER LAW OFFICES<br>1125 Shadow Lane<br>Las Vegas, NV 89102 | Telephone:  (702) 385-1954<br>Fax:  (702) 385-9081 | Plaintiff |

/s/ Vanessa Fulco

An Employee of PHILLIPS, SPALLAS & ANGSTADT LLC