EXHIBIT B

Electronically Filed
08/08/2013 02:40:19 PM

*signature*

CLERK OF THE COURT

```
1  COMP
   CAL J. POTTER, III, ESQ.
2  Nevada Bar No. 1988
   POTTER LAW OFFICES
3  1125 Shadow Lane
   Las Vegas, Nevada 89102
4  Tel: (702) 385-1954
   Fax: (702) 385-9081
5  Attorney for Plaintiff
```

## DISTRICT COURT

## CLARK COUNTY, NEVADA

ooo

| | |
|---|---|
| THERESA SMITH, | CASE NO.: A-13-686716-C |
| Plaintiff, | DEPT. NO.: XIX |
| vs. | |
| WAL-MART STORES, INC.; ROE CORPORATIONS I-X, inclusive, and JOHN DOES I-X, inclusive, | **COMPLAINT** |
| Defendants. | |

COMES NOW, Plaintiff, TERESA SMITH by and through her attorney of record, CAL J. POTTER, III, ESQ., of the law firm POTTER LAW OFFICES, and for her causes of action against the Defendants alleges as follows:

### PARTIES

1. That Plaintiff, THERESA SMITH, is now, and at all times herein has been, a resident of the County of Clark, State of Nevada.

2. The Defendant, WAL-MART STORES, INC. ("WAL-MART"), is and at all times here mentioned is and was a Delaware corporation, existing under the laws of the State of Delaware and authorized to do business in the State of Delaware, and is involved in doing business in the State of Delaware.

3. That the true names and capacities, whether individual, corporate, associate, partnership or otherwise of Defendants herein designated as ROE CORPORATIONS I-X, inclusive, and JOHN DOES I-X, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by

1. such fictitious names. Plaintiff alleges that each named Defendant and each Defendant herein designated as JOHN DOE and ROE CORPORATION is negligently, wilfully, maliciously, contractually, vicariously, or otherwise legally responsible for the events and happenings herein referred to and proximately caused injury and damages to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to insert the true names and capacities of such Defendants when the same have been ascertained, and will further ask leave to join said Defendants in these proceedings.

4. At all times herein mentioned, all of the Defendants were the agents, servants and employees of each and every other Defendant and were working and acting within the course of said employment and agency.

5. At all times pertinent hereto, Defendant, WAL-MART maintained premises located at 6464 North Decatur Blvd, City of Las Vegas, County of Clark, State of Nevada. Defendants invited the general public, including the Plaintiff, to enter the premises of the retail store and to purchase various food and general merchandise items from the Defendant.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. That on or about April 06, 2012, Plaintiff Theresa Smith was a customer and patron inside Wal Mart, Store Number 3351. At said time and place, Plaintiff was walking down the main store aisle by the check out registers, when she slipped and fell on wet produce that was left on the ground. The fall caused Plaintiff to shatter her left knee cap and left her unable to stand or walk. An off duty EMT approached Plaintiff and looked at her leg. Eventually, an employee from WAL-MART, as well as a Supervisor came to Plaintiff to ask what happened. They contacted an ambulance as Plaintiff was unable to move. Plaintiff was transported by ambulance to Centennial Hills Hospital in Las Vegas, Nevada. As a direct result of Plaintiff falling, she sustained injuries including but not limited to: shattered knee cap, left fractured patella, left patella tear, and left leg pain.

## FIRST CLAIM FOR RELIEF

## NEGLIGENCE

7. Plaintiff repeats and restates the allegations set forth in paragraphs 1 through 6, inclusive, as though fully set forth herein and incorporate that same by reference.

8. Defendants at all times mentioned herein, had a duty to maintain its premises in a reasonably safe condition for the general public and in a condition to prevent injury, and breached its duty as herein alleged.

9. That on or about April 06, 2012, Plaintiff Theresa Smith was legally and lawfully upon Defendant's property when she was walking down the main store aisle by the check out registers, when she slipped and fell on wet produce that was left on the ground causing substantial injuries because Defendant failed to place proper notice that the floor was wet and failed to remove the wet produce that was left on the ground.

10. That the fall suffered by Plaintiff and the injuries resulting therefrom were caused solely and proximately by the negligence of Defendant and without any negligence of Plaintiff contributing thereto.

11. That the negligence of Defendant, consisted in negligently and carelessly maintaining a main floor area of the store in a reasonably safe condition and by allowing a slippery substance to come into contact with and remain on the floor of the store knowing that people would be walking on said aisle.

12. The Defendant had, or reasonably should have had, actual knowledge and notice of the said dangerous condition, and that the Defendant in the exercise of its duty of care should have had such knowledge and notice, yet failed to warn the Plaintiff of it's existence or of the danger, or failed to take further reasonable action to protect the Plaintiff once they knew of the dangerous condition. Defendant's failure to install a non-slip surface on the floor of the store and failure to warn Plaintiff of the danger which was unknown to Plaintiff and was not reasonably discoverable by Plaintiff, yet was known to the Defendant, was a breach of Defendant's duty to the Plaintiff.

13. That as a result of the Defendant's negligence above described, Plaintiff suffered injuries, including, but not limited to, a shattered knee cap, left fractured patella, left patella tear, and left leg pain. Said injuries caused Plaintiff to suffer extreme physical pain and suffering, and severe emotional distress, all to her damage in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

. . .

1  14.  That as a result of theses injuries, Plaintiff has been required to engage the services
2  of physicians and medical treatment and other persons to care and treat her, all to her damage in a
3  sum currently unascertainable, and will continue to incur future medical expenses, all in a presently
4  unascertainable amount, and Plaintiff will seek leave of this Court to insert the same when the same
5  is fully determined.
6  15.  That as a further and proximate result of the negligence and carelessness of the
7  Defendant, Plaintiff has suffered extreme emotional distress, and severe pain and suffering, and will
8  continue to suffer in the future, and all to her damage in an amount in excess of TEN THOUSAND
9  DOLLARS ($10,000.00).
10  16.  That it has been necessary for the Plaintiff to obtain the services of an attorney to
11  prosecute this action, and the Plaintiff is entitled to an award of attorney's fees and costs of suit
12  incurred herein.
13  . . .
14  . . .
15  . . .
16  . . .
17  . . .
18  . . .
19  . . .
20  . . .
21  . . .
22  . . .
23  . . .
24  . . .
25  . . .
26  . . .
27  . . .
28  . . .

4

1  WHEREFORE, Plaintiff THERESA SMITH prays for Judgment against the Defendants as
2  follows:
3     1.  For general damages, past and future, in a sum in excess of Ten Thousand
4         ($10,000.00);
5     2.  For special damages for medical care and treatment, and for future medical care and
6         treatment and incidental expenses therefor, in a sum in excess of Ten Thousand
7         ($10,000.00);
8     3.  For a sum in excess of Ten Thousand ($10,000.00) for pain and suffering and for
9         extreme emotional distress experienced by Plaintiff;
10    4.  For attorney's fees and cost of suit incurred herein;
11    5.  For such other and further relief as the Court may deem just and equitable.
12  DATED this 8th day of August, 2013.

POTTER LAW OFFICES

By:   /s/ Cal J. Potter, III, Esq.
    CAL J. POTTER, III, ESQ.
    Nevada Bar No. 1988
    POTTER LAW OFFICES
    1125 Shadow Lane
    Las Vegas, Nevada 89102
    *Attorney for Plaintiff*

5