**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| THERESA SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> WAL-MART STORES, INC., <br><br> Defendant. | Case No. 2:13–cv–1597–MMD–VCF <br><br> **<u>ORDER</u>** |

This matter involves Theresa Smith's personal injury action against Walmart. Three motions are before the court: Walmart's motion for a protective order (#16[1]), Smith's motion to extend discovery (#19), and Smith's motion for discovery sanctions (#26). For the reasons stated below, Walmart's motion for a protective order is granted and Smith's motions are denied.

## BACKGROUND

On April 6, 2012, Theresa Smith went shopping at Walmart. (Compl. (#1-2) at ¶ 6). Once inside, she and her husband walked down the main aisle, passing row after row of checkout registers. (*Id*.) Without warning, she slipped and fell. (*Id*.) A piece of wet, green produce—either cilantro or parsley—had been left on the ground. Smith was hurt. (*Id*.); (*see also* Def.'s Mot. Prot. Order (#16) at 1:23).

An off duty emergency medical technician came to Smith's aid. (Compl. (#1-2) at ¶ 6). Eventually, a Walmart employee and a supervisor appeared. (*Id*.) Smith was unable to move. (*Id*.) An ambulance was called; and Smith was transported to Centennial Hills Hospital in Las Vegas, Nevada.

---

[1] Parenthetical citations refer to the court's docket.

(*Id.*)

Smith's diagnosis was serious. The fall caused a shattered knee cap, left patella tendon tear, and left leg pain. (*Id.*) This allegedly resulted in tens of thousands of dollars in medical expenses and extreme emotional distress. (*Id.* at ¶¶ 13–16). Consequently, Smith filed suit on August 8, 2013, alleging one claim for negligence.

The parties are now in the midst of discovery. On October 13, 2013, Smith served her first request for production of documents, which sough "all reports and documentation of all slip and fall and/or trip and fall personal injury cases, complaints that were filed against Defendants in Clark County for the five (5) years prior to the subject incident." (Sharp Aff. (#16-1) at ¶ 6). After a meet and confer, the parties allegedly agreed that Walmart would produce,

> [I]nformation pertaining to customer slip and fall claims and incidents at Walmart Store #3351 for a period of three years prior to Plaintiff's alleged incident on April 26, 2012, including the date of each reported incident, the location within the store in which the reported incident had occurred, a claim description, and whether the claim remains open and claim reference number.

After Walmart produced this information, Smith propounded a second set of requests for production, seeking information on three prior slip and falls that were identified in Walmart's production.

Around the same time, Walmart disclosed copies of the surveillance video of Smith's fall. (Pl.'s Spoliation Mot. (#26) at 2:14–15). The video shows Smith walking down the main aisle, passing rows of checkout stands, slipping, and falling. (Video (#29) Exhibit B at 1:00:00). No piece of wet, green produce—either cilantro or parsley—can be seen. (*Id.*)[2]

For approximately thirty minutes, Smith sits on the ground as paramedics prepare her transport and sales associates direct foot traffic away from the scene. After Smith is taken away on a stretcher,

---

[2] Although no piece of lettuce, cilantro, or parsley can be seen in the video, Walmart produced multiple photographs of the herb that caused Smith to slip. (*See* Def.'s Opp'n (#29) at Exhibit D).

Daniela Mihaltan, a Walmart associate who witnessed the accident, wipes the floor with paper towels, which she discards. (*Id.*) A maintenance man appears, places orange cones around the site of Smith's fall, and cleans. (*Id.*) He departs; and Mihaltan and Kenny Gentry, an assistant store manager, photograph the area. (*Id.*) In so doing, they discover a piece of wet, green produce—either cilantro or parsley—on the floor. Numerous pictures are taken.

## DISCUSSION

The parties request three forms of relief: Walmart moves the court for a protective order limiting Smith's discovery requests and Smith moves the court to extend discovery and impose sanctions against Walmart for the spoliation of evidence. Each request is discussed below.

**I.     Whether Walmart is Entitled to a Protective Order**

The first question raised by the parties' filings is whether Walmart is entitled to a protective order to prevent Smith from discovering information about three prior slip and falls. Walmart argues that it is entitled to a protective order for several primary reasons, but its primary reason—that Smith's request is barred by *Eldorado Club v. Graff*, 78 Nev. 507 (1962)—prevails. Before addressing Walmart's argument, the court begins by reviewing the law governing protective orders.

**A.     *Protective Orders under Rule 26(c)***

Federal Rule of Civil Procedure 26(c) governs motions for protective orders. In pertinent part, Rule 26(c) empowers the court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . [f]orbidding the disclosure of discovery. FED. R. CIV. P. 26(c)(1)(A).

Rule 26 places the burden of persuasion on the party seeking the protective order. *U.S. Equal Emp't Opportunity Comm'n v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)). To meet this burden, the movant

must demonstrate a particular need for the protection sought. The rule requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*. For each particular document the movant seeks to protect, the movant must show that specific prejudice or harm will result if no protective order is granted. *Phillips v. Gen. Motors*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also Cipollone*, 785 F.2d at 1121. ("[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *Deford v. Schmid Prods. Co*., 120 F.R.D. 648, 653 (D. Md. 1987) (requiring party requesting a protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples"). "[C]onclusory or speculative statements about the need for a protective order" is insufficient. *U.S. Equal Emp't Opportunity Comm'n*, 237 F.R.D. at 432 (citing *Frideres v. Schlitz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993)). A mere showing that the discovery may involve some inconvenience or expense does not establish good cause. *Turner Broad. Sys., Inc. v. Tracinda Corp*., 175 F.R.D. 554, 556 (D. Nev. 1997). The law confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 38 (1984)).

### B.     *Walmart's Motion for a Protective Order is Granted*

Walmart argues that it is entitled to a protective order because the Nevada Supreme Court's decision in *Eldorado Club v. Graff*, 78 Nev. 507 (1962) bars Smiths' request.[3] *Eldorado Club* is a lettuce case. The plaintiff slipped and fell on a lettuce leaf while moving two 100-pound sacks of potatoes down an included ramp leading from an alley to the Eldorado Club's delivery room. *Eldorado Club*, 78 Nev. at 507. At trial, the court admitted evidence that on two separate occasions another

---

[3] In general, the Federal Rule of Evidence govern evidentiary questions in diversity cases. However, an exception exists where, as here, a state evidence rule is intimately bound up with the rights and obligations being asserted." *See Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995). This rule derives from source in the *Erie* Doctrine. *Id*.

4

individual had slipped and fallen on the same ramp because of a "smear or wet spot" or a "lettuce leaf or some green leafy vegetable" was left on the ramp. *Id*.

The Nevada Supreme Court held that his was error. It stated:

> Surely, the existence of a west pot and a lettuce leaf on the ramp on separate occasions in November of 1958 and the consequent slips and falls could not serve to notify the defendant of the presence of the lettuce leaf in question which caused Graff to slip and fall on January 3, 1959. [. . .] We hold, therefore, that where a slip and fall is caused by the temporary presence of debris or foreign substance on a surface, which is not shown to be continuing, it is error to receive "notice evidence" of the type here involved for the purpose of establishing the defendant's duty.

*Id*. at 510–11. An analogous situation exists here. Smith seeks information relating to slips and falls that occurred sometime during the three-year period before Smith's fall. Like the prior slips and falls in *Eldorado*, the information Smith seeks could not serve to notify Walmart of the presence of the piece of wet, green produce—either cilantro or parsley—that Smith slipped on. As a result, Smith requests evidence that is "not reasonably calculated to lead to admissible evidence." *See* FED. R. CIV. P. 26(b)(1).

Smith argues that her discovery request is appropriate because "[w]here discovery appears reasonably calculated to lead to admissible evidence, admissibility at trial is not a proper ground for objection" during discovery. (Pl.'s Opp'n (#18) at 4–5). This is true. *Kerr v. U.S. Dist. Court for N. Dist. of California*, 511 F.2d 192, 196 (9th Cir. 1975) a*ff'd sub nom. Kerr v. U. S. Dist. Court for N. Dist. of California*, 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976) (citing 8 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL: § 2008 at 41 (1970)). However, Smith's request is not reasonably calculated to lead to admissible evidence. Smith states that she requests the information to determine "how Wal-Mart maintained the store and whether it knew or should have known about the alleged foreign substance that caused Plaintiff's fall, and whether it took appropriate measures to protect its customers." (Pl.'s Opp'n (#18) at 4:22–25). This is the exact reason for which evidence cannot be proffered under *Eldorado*.

During the court's June 17, 2014, hearing, Smith made an additional argument as to why documents related to the three prior slips and falls should be produced: Smith asserted that the documents will be used by her expert in order to determine whether Walmart conducted floor sweeps in a reasonable frequency. In response, Walmart argued that the burden of Smith's request outweighs its value. The court agrees.

Rule 26(b)(2)(C)(iii) limits discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." During the court's hearing, Walmart persuasively argued that comply with Smith's request would be burdensome and costly because (1) the requested documents are stored in remote, currently unknown locations, (2) the documents may no longer exist, (3) if the documents exist, they will need to be reviewed to redact confidential third-party information, and (4) a privilege log will have to be created. Additionally, Walmart also stated that it will likely take between four months to a year to find the documents, which exceeds the time allotted to conduct discovery in this matter. These considerations outweigh Smith's purported need for the documents because the information Smith seeks—a historical determination of the frequency of floor sweeps—may be discovered through less burdensome avenues.

Accordingly, Walmart's motion for a protective order is granted. Walmart is not required to respond to Smith's request for production of documents insofar as it seeks information relating to prior slips and falls for the purpose of demonstrating how Walmart maintained the store, whether it knew or should have known about the alleged foreign substance that caused Plaintiff's fall, and whether it took appropriate measures to protect its customers.

## II.     **Whether Discovery Should be Extended**

The parties' filings present a second question: whether the court should extend discovery. The court begins its analysis of Smith's motion by reviewing the law.

6

### A.   *Legal Standard*

Federal Rule of Civil Procedure 16(b)(4) governs the modification of discovery plans and scheduling orders. Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Rule 16 is critical to the court's management of its docket. Compliance with Rule 16 avoids unnecessary delays in adjudicating the court's cases. The Ninth Circuit has emphasized that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted).

Local Rule 26-4 supplements Federal Rule 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than twenty-one days before the expiration of the subject deadline." LR 26-4. Additionally, a motion to extend the discovery deadline must include: (1) a statement specifying the discovery completed; (2) a specific description of the discovery that remains to be completed; (3) the reasons why the deadline was not satisfied or the remaining discovery not completed within the time set by the discovery plan; and (4) a proposed schedule for completing all remaining discovery." The Court has broad discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

### B.   *Smith's Motion is Denied*

Smith's motion is denied for at least four reasons. First, Smith's motion disregards the local rule's twenty-one day deadline. Smith moves to extend the rebuttal expert deadlines and the close of discovery. These deadlines expired on April 2, 2014, and May 2, 2014. Under Local Rule 26-4, the last

day that Smith could have filed her motion was Wednesday, March 12, 2014. Smith filed her motion on Saturday, April 19, 2014.

Second, Smith's motion is speculative. Smith moves to extend the discovery deadline because additional fact witnesses "may" need to be deposed and additional written discovery "may" need to be propounded. (*See* Pl.'s Disc. Mot. (#19) at 5:8, 18). This is insufficient. Rule 16 and Local Rule 26-4 are designed expedite discovery by forcing the parties to focus, not on what may be needed, but what is needed. Local Rule 26-4 requires "a specific description of the discovery that remains to be completed" before an extension will be granted. In at least two instances, Smith's motions fails to provide a specific description of the discovery that remains to be completed.

Third, Smith was not diligent. *Coleman*, 232 F.3d at 1294–95. Smith argues that she was unable to file the motion on a timely basis because Smith's counsel was in trial from April 14, 2014 through April 18, 2014. This is inapposite. The subject deadline expired on March 12, 2014.

Fourth, Smith moves to extend discovery, in part, to obtain the information that is the subject of Walmart's protective order, discussed above. Because the court grants Smith's protective order, this argument fails as a matter of law.

Accordingly, Smith's motion to extend the discovery deadline is denied. However, the parties may depose five witnesses, as stipulated to after Smith filed her motion to extend time. These witnesses are Kevin Smith, Tyler Smith, John Peterson, Sariah Corona, and Kenny Gentry.

### III. **Whether Walmart Spoiled Evidence**

The court turns to the parties' final issue: whether discovery sanctions should be imposed against Walmart for allegedly spoiling evidence. Smith argues that Walmart spoiled evidence because it did not

preserve video footage from registers three and four[4] or take photographs of the area where Smith fell before cleaning it. Before addressing these arguments, the court reviews the law governing the spoliation of evidence.

**A.**     *Legal Standard*

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *United States v. Kitsap Physicians Svs.*, 314 F.3d 995, 1001 (9th Cir. 2002) (citing *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991)) (a party engages in spoliation "as a matter of law only if they had 'some notice that the documents were potentially relevant' to the litigation before they were destroyed"). A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence. *Kitsap Physicians Serv.*, 314 F.3d at 1001; *In re Napster*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) (citing *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556–57 (N.D. Cal. 1987) (noting, "[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action").

There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who "fails to obey an order to provide or permit discovery." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citing *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985); FED. R. CIV. P. 37(b)(2)(C). Federal courts sitting in diversity jurisdiction apply federal law when addressing issues of spoliation of evidence. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir.1993) (applying federal law when addressing spoliation in diversity litigation); *accord Adkins v. Wolever*, 554 F.3d 650, 652 (6th

---

[4] As discussed above, Walmart did preserve and produce video of Smith's slip and fall taken from the main aisle.

Cir. 2009); *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001); *Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999).

When determining whether to impose discovery sanctions for spoliation, the threshold question that the court must decide is whether relevant evidence existed. *See, e.g.*, *Patton v. Walmart*, 92 Fed. R. Evid. Serv. 1300, No. 12–cv–2142, 2013 WL 6158467, at *3 (D. Nev. Nov. 30, 2013) (citing *Epstein v. Toys-R-Us Delaware, Inc.*, 277 F. Supp. 2d 1266, 1276–77 (S.D. Fla. 2003) (holding that to prevail on a motion for sanctions for the destruction of a videotape, the moving party must establish facts indicating that the video existed)). If no relevant evidence existed, then Smith's motion is moot. If, however, relevant evidence did exist, then the question is whether Walmart had a duty to preserve the evidence.

### B.     *Smith's Motion for Spoliation Sanctions is Denied*

Smith's motion for spoliation sanctions is meritless. There is no indication that relevant evidence ever existed. Smith asserts: "Numerous District Courts have sanctioned Defendants, in civil rights actions,[5] for the Defendants [*sic*] failure to preserve evidence or destruction of evidence. In this case, the Defendants were placed on notice of their duty to preserve the videotape [from registers three and four] of the incident, and 'pre-cleaning' photographs of the hazard."

However, Smith (1) concedes that pre-cleaning photographs never existed, (*see* Pl.'s Spoliation Mot. (#26) at 3:22), and (2) provides no basis for concluding that the cameras at registers three and four captured her slip and fall. Smith likely failed to provide a basis for concluding that the cameras at registers three and four captured her slip and fall because there is no basis to make such an argument. (*See* Def.'s Opp'n (#29) at 2:23–27) ("[E]ach of these cameras has a fixed vertical shot of its respective cash register, and captured nothing outside of its respective checkout lane—stopping 16 to 20 feet short of the area in which Plaintiff's incident occurred.").

---

[5] This is a personal injury action.

10

Smith's reply argues that Walmart spoiled evidence because a Walmart employee "cleaned the immediate vicinity of the hazardous area where Ms. Smith fell" and did not preserve the debris. (Pl.'s Reply (#31) at 2:12–16). Smith cites no legal authority indicating that Walmart had a duty to preserve that evidence at that point in time. There is none. The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation. *In re Napster*, 462 F. Supp. 2d at 1067 (duty to preserve begins when a party should have known that the evidence may be relevant to future litigation). Here, a Walmart employee cleaned the area where Smith fell approximately twenty minutes after the accident. At this point, no duty to preserve the evidence attached. .

Nonetheless, Smith argues that the court should sanction Walmart for not preserving the evidence because "all parties, and this Court, are prevented from relying upon objective evidence of the entirety of the hazard and are forced to rely upon Walmart's representation that the area cleaned did not contain any hazard." (Pl.'s Reply (#31) at 2:20–22). This is not true. Smith and her husband, as well as various other witnesses (including Walmart employees, medical technicians, and other customers in the store) will be available to testify to whatever it is that they did or did not see on the floor before, during, and after Smith's fall.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Walmart's emergency motion for a protective order (#16) is GRANTED.

IT IS FURTHER ORDERED that Smith's motion for sanctions (#26) is DENIED.

IT IS FURTHER ORDERED that Smith's motion to extend time (#19) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Kevin Smith and Tyler Smith must be DEPOSED by Friday, July 18, 2014.

IT IS FURTHER ORDERED that John Peterson, Sariah Corona, and Kenny Gentry must be DEPOSED by Monday, August 4, 2014.

IT IS FURTHER ORDERED that no additional discovery is permitted.

IT IS SO ORDERED.

DATED this 17th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE