# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

THERESA SMITH,

        Plaintiff,

vs.

WAL-MART STORES, INC.,

        Defendant.

Case No. 2:13–cv–1597–MMD–VCF

**<u>ORDER</u>**

This matter involves Theresa Smith's personal injury action against Walmart. Before the court is Walmart's motion to exclude Smith's untimely disclosed future damages (#30[1]). Smith filed an opposition (#34); and Walmart replied (#36). For the reasons stated below, Walmart's motion to exclude Smith's future damages is granted.

## BACKGROUND

On April 6, 2012, Theresa Smith went shopping at Walmart. (Compl. (#1-2) at ¶ 6). Once inside, she and her husband walked down the main aisle, passing row after row of checkout registers. (*Id.*) Without warning, she slipped and fell. (*Id.*) A piece of wet, green produce—either cilantro or parsley—had been left on the ground. Smith was hurt. (*Id.*); (*see also* Def.'s Mot. Prot. Order (#16) at 1:23).

An off duty emergency medical technician came to Smith's aid. (Compl. (#1-2) at ¶ 6). Eventually, a Walmart employee and a supervisor appeared. (*Id.*) Smith was unable to move. (*Id.*) An ambulance was called; and Smith was transported to Centennial Hills Hospital in Las Vegas, Nevada.

---

[1] Parenthetical citations refer to the court's docket.

(*Id.*) Smith's diagnosis was serious. The fall caused a shattered knee cap, left patella tendon tear, and left leg pain. (*Id.*) This allegedly resulted in tens of thousands of dollars in medical expenses and extreme emotional distress. (*Id.* at ¶¶ 13–16).

Smith filed suit on August 8, 2013, alleging one claim for negligence. On September 3, 2013, Walmart timely removed, relying in part on the various categories of damages alleged in Smith's complaint. This included a claim for future medical expenses. (*See* Compl. (#1-1) at 5:5).

On September 29, 2013, Smith served her initial disclosures on Walmart. (Ex. B (#30-2) at 2–7). However, Smith did not include a category or computation for future medical expenses. (*See id.* at 7:21–22). Between November 7, 2013 and March 4, 2014, Smith supplemented her initial disclosures four times. (*See id.* at 9–46). However, Smith never included a category or computation for future medical expenses. (*See id.* at 15:14–16; 25:10–15; 35:10–16; 46:11–17).

On October 25, 2013, Walmart sent Smith a letter, reminding her that she should have included a category for future medical expenses in her supplemental disclosures by October 17, 2013. (Ex. C (#30-2) at 2). Smith did not file a motion or seek a stipulation to extend the time to disclosure future damages for her medical expenses. Rather, on March 18, 2014, Smith served her fifth supplemental disclosure on Walmart, which for the first time listed a category for "Future Medical Expenses." (Ex. B. (#30-2) at 57:18). The amount listed was "TBD." (*Id.*) On March 24, 2014, Smith supplemented her initial disclosures, again identifying the same unspecified amount for future medical expenses. (*See id.* at 68:18). On March 31, 2014, Smith supplemented her initial disclosures for a seventh time and listed approximately $164,028.00 in future medical expenses. (*Id.* at 79:18).

## LEGAL STANDARD

The guiding premise of the Federal Rules of Civil Procedure is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action."

2

FED. R. CIV. P. 1. Rule 26(a)(1), which governs initial disclosures, effectuates Rule 1's purpose by imposing an affirmative duty on litigants to disclose certain information without waiting for a discovery request. *See* FED. R. CIV. P. 26(a)(1), Advisory Comm. Notes (1993).

The information that Rule 26(a)(1) requires litigants to disclose includes a computation of damages for each category of damages that is claimed. FED. R. CIV. P. 26(a)(1)(A)(iii). This computation is due "within 14 days after the parties' Rule 26(f) conference unless a different time is set." FED. R. CIV. P. 26(a)(1)(C). In turn, Rule 26(e)(1)(A) requires litigants to supplement initial disclosures "in a timely manner if the party" making the disclosure learns "that some material respect" of the disclosure changed. FED. R. CIV. P. 26(e)(1)(A). Rule 26(e) does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed. *Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009). Supplementation merely means "correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." *Id.* (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding a second disclosure so substantially different from the first that it could not qualify as a correction of an incomplete or inaccurate expert report)). The purpose of these rules is "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." FED. R. CIV. P. 26(a), Advisory Comm. Notes, Subdivision (a) (1993).

If a party fails to timely disclose or supplement a computation of damages for each category of damages that is claimed, that party is not allowed to use the information at a hearing or at trial unless the failure to timely disclose the information was substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1). The party facing sanctions under Rule 37 bears the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001). The district court has wide latitude in using its discretion to impose discovery sanctions. *Id.* at 1106.

**DISCUSSION**

Walmart's motion raises two questions. First, whether Smith violated Rule 26(a)'s initial disclosure requirements. Second, whether Smith satisfied her burden under Rule 37. The court discusses each inquiry below.

### A.  *Smith Failed to Comply with Rule 26(a)*

The court finds that Smith violated Rule 26(a)'s disclosure requirements for three reasons. First, the principle purpose of Rule 26(a) is to give opposing parties a reasonable opportunity to prepare for trial. *See, e.g.*, *Sylla–Sawdon v. Uniroyal Goodrich Tire Co*., 47 F.3d 277, 284 (8th Cir. 1995), cert. denied, 516 U.S. 822 (1995). Towards this end, the Advisory Committee Notes state that "litigants should not indulge in gamesmanship with respect to the disclosure requirements." FED. R. CIV. P. 26(a), Advisory Committee Notes, Subdivision (a), Paragraph (1) (1993). Whether intentional or not, Smith's failure to disclose approximately $164,028.00 in damages until after the March 31, 2014, gives the appearance of gamesmanship and has the effect of impairing opposing counsel's opportunity to prepare for trial. Walmart notified Smith of her failure to disclosure future damages in October 2013. Smith failed to respond. Rather, she waited for 165 days after the October 17, 2013 deadline to disclosure future damages.

Second, the Ninth Circuit prohibits the conduct Smith has engaged it. The Court has held that Rule 26(e), which requires litigants to supplement initial disclosures, does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed. *Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009). The Court stated that supplementation merely means "correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." *Id*. (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding a second disclosure so substantially different from the first that it could not

4

qualify as a correction of an incomplete or inaccurate expert report)). The inference that should be drawn from this is that because supplementation means "correcting inaccuracies," it does not permit adding additional information.

Adding and not supplementing, however, is exactly what Smith did. Smith's initial disclosures for future damages were due on October 17, 2013. Between November 7, 2013 and March 4, 2014, Smith supplemented her initial disclosures four times. (*See id*. at 9–46). However, Smith never included a category or estimate for future medical expenses. (*See id*. at 15:14–16; 25:10–15; 35:10–16; 46:11–17). Finally, on March 18, 2014, Smith served her fifth supplemental disclosure on Walmart, which for the first time listed a new category for "Future Medical Expenses." (Ex. B. (#30-2) at 57:18). The amount listed was "TBD." (*Id*.) On March 31, 2014—165 days after the deadline—Smith supplemented her initial disclosures for a seventh time and listed approximately $164,028.00 in future medical expenses. (*Id*. at 79:18).

Third, in addition to decisions by the undersigned, decisions by Magistrate Judges Leen, Johnston, and Hoffman excluded untimely disclosed damages in factually analogous situations for the same reasons stated above. *See, e.g*., *Shakespear v. Walmart Stores, Inc.*, No. 12–cv–1064 (D. Nev. July 8, 2013); *Baltodano v. Walmart Stores, Inc*., No. 10–cv–2062 (D. Nev. Aug. 31, 2011); *Olaya v. Walmart Stores, Inc*., 11–cv–0997 (D. Nev. Aug. 7, 2012); *Patton v. Wal-Mart Stores, Inc*., No. 2:12–cv–02142-GMN–VCF, 2013 WL 6158461 (D. Nev. Nov. 20, 2013).

Having decided that Smith failed to comply with Rule 26(a)'s disclosure requirements, the court now considers whether Smith satisfied her burden under Rule 37.

### B.   *Smith did not Satisfy her Burden under Rule 37*

As discussed above, if a party fails to timely disclose a computation of damages under Rule 26(a), that party is not allowed to use the information at trial unless the failure to timely disclose the

information was substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1). The party facing sanctions under Rule 37 bears the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd.*, 259 F.3d at 1106–07. In the Ninth Circuit, substantial justification or harmlessness or harmlessness is governed by four factors: (1) prejudice or surprise; (2) the ability to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness. *Manneh*, No. 08–cv–653, 2010 WL 3212129 at *2. The court finds that Smith's failed to satisfy her burden under Rule 37 for three reasons.

First, Smith contends that Walmart is not surprised or prejudiced because Walmart knew that Smith's knees were surgical. The essence of Smith's argument is that Walmart was on notice of possible knee replacement surgeries and, therefore, is neither surprised nor prejudiced by Smith's untimely disclosures. Mere notice of an upcoming surgery, however, cannot substitute for the disclosure that is required by Rule 26(a). Smith's argument assumes that Walmart could have calculated the cost of Smith's surgery on its own. Assuming, *arguendo*, that this is true, Smith's argument is misplaced. Actual cost is not Rule 26(a)(1)(A)(iii)'s focus. The plain language of the rule states that "a party must . . . provide . . . a computation of each category of damages **claimed by the disclosing party**." FED. R. CIV. P. 26(a)(1)(A)(iii) (emphasis added). As this language indicates, for disclosures purposes damages are determined, not by actual cost, but by what the party claims. *See, e.g.*, *Sylla–Sawdon*, 47 F.3d at 284 (stating that the purpose of Rule 26(a) is to enable parties to prepare for trial, not calculate liability). Therefore, Smith had a duty to provide an estimate.

Second, Smith argues that her damages for future medical expenses should not be excluded because "[a]t its essence, this case is a state tort action" and "Nevada's public policy directs that cases shall be tired upon their merits." (Pl.'s Opp'n (#34) at 5:3; 4:18) (citing various state law decision). This is not relevant. The Federal Rules of Civil Procedure govern procedure in federal court. FED. R. CIV. P.

81(c)(1) ("These rules apply to a civil action after it is removed from state court."); *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965) ("The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal."). Under the federal rules, Smith can only use information regarding future damages if she demonstrates that her failure to comply with Rule 26(a)'s disclosure requirements was "substantially justified" or "harmless." *See* FED. R. CIV. P. 37(c)(1). As discussed above, Smith failed to do this.

Third, Smith argues that Walmart cannot rely on Smith's claim for future damages as a basis for invoking federal jurisdiction, (*see* Removal Pet. (#1) at 2), and subsequently prevent Smith from proffering evidence of future damages. (See Opp'n (#34) at 2:16 –18) (arguing that Walmart should be equitably estopped from moving to exclude Smith's damages).  This argument misunderstands federal jurisdiction and procedure. Under 28 U.S.C. § 1332(a), Walmart only needed to demonstrate that the amount in controversy exceeds $75,000.00. If Smith believed that the amount on controversy was for less than $75,000.00, then it was incumbent on Smith to move to remand. Smith did not remove to remand. Walmart's motion to exclude future damages does not deprive the court of jurisdiction under 28 U.S.C. § 1332(a) because future damages—as demonstrated by the dispute before the court—are in controversy. Accordingly, Walmart has not abused the removal process or improperly moved to exclude Smith's future damages. Therefore, the court will not estop Walmart from moving to exclude Smith's future damages because Smith, and not Walmart, acted inappropriately by failing to comply with Rule 26(a) and timely disclose a computation for future damages.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Walmart Stores, Inc.'s motion to exclude Plaintiff Theresa Smith's untimely disclosed damages (#30) is GRANTED.

IT IS SO ORDERED.

DATED this 16th day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE